UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM LITTLE and MICHAEL A. OROPALLO,

        Plaintiffs,

v.

SCOTT SINCEBUAGH, in his official and individual capacities, and

JOHN DOE NO. 1, in his or her official and individual capacities,

JOHN DOE NO. 2, in his or her official and individual capacities, and

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION

        Defendants.

Civil Action No.:

5:15-cv-1482 (TJM/ATB)

**COMPLAINT**

**JURY DEMAND**

---

Plaintiffs, William Little and Michael A. Oropallo ("Plaintiffs"), by and through their attorneys, Menter, Rudin & Trivelpiece, P.C., complain and allege against the defendants, Scott Sincebaugh, John Doe No.1, John Doe No. 2 ("Individual Defendants"), and the New York State Department of Environmental Conservation ("NYSDEC")(collectively "Defendants") as follows:

### INTRODUCTION

This case involves the unlawful destruction without notice or an opportunity to be heard to prevent such of two sport hunted whitetail deer, taken by bow and arrow, by

{JBM/PRINT/TMD/01133633.DOCX}

Plaintiffs in 2012 ("Property")(copies of photographs showing the Property, both before and after the unlawful destruction, are attached hereto as Exhibit A). The Property was unique specimens and that qualified for trophy status under the Boone and Crockett and Pope and Young's rigorous scoring criteria. Plaintiffs spent thousands of dollars on their bow hunting trip to the State of Iowa where the Property was lawfully taken and Plaintiffs have been deprived of their lasting memory after properly preserving the Property for taxidermy services so those memories could last a lifetime.

The Property was seized by Environmental Conservation Officer ("ECO") Scott Sincebaugh without a notice or citation. ECO Sincebaugh instead contacted Plaintiffs stating that the Property would be returned after testing for Chronic Wasting Disease ("CWD"), so long as the testing was negative.

Despite being informed that the testing proved to be negative, instead of returning the Property to Plaintiffs, ECO Sincebaugh told Plaintiffs they would not be receiving their Property back. ECO Sincebaugh only then issued citations for a Vehicle & Traffic violation to Plaintiffs pursuant to 6 NYCRR Part 189 for transportation of the Property.

Unbeknownst to Plaintiffs, but upon further investigation, while seeking the return of their Property, Plaintiffs learned their Property had already been destroyed, and was apparently destroyed *before ECO Sincebaugh* issued Plaintiffs the citations.

Upon information and belief, the Property was tested and placed in the custody of John Doe No. 2 at State University of New York ("SUNY") in Ithaca, New York. Upon information and belief, after learning the Property tested negative for CWD, and after ECO Sincebaugh informed John Doe No. 2 of such, John Doe No. 2 contacted John Doe

No. 1 at NYSDEC asking John Doe No. 1 what John Doe No. 2 and SUNY should do with the Property. Upon information and belief, John Doe No. 1 told John Doe No. 2 to "destroy them." John Doe No. 2 then cut up the Property on a band saw and dropped it in acid, completely destroying Plaintiffs' Property.

Despite their efforts, Plaintiffs were deprived of the opportunity to obtain the return of their Property by Defendants, who were acting under color of state law, without due process of law and in violation of Plaintiffs' civil rights.

## NATURE OF THE ACTION

1. This is an action for monetary damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of New York, against Environmental Conservation Officer Scott Sincebaugh, in his official and individual capacity, John Doe No. 1, an Environmental Conservation Officer for the New York State Department of Environmental Conservation ("NYSDEC"), in his official and individual capacity, against John Doe No. 2, an employee of the State University of New York ("SUNY"), in his or her official and individual capacity, and against NYSDEC. (Defendant Sincebaugh, John Doe No. 1, and John Doe No. 2 are collectively referred to as "Individual Defendants").

2. Plaintiffs allege that Defendants, individually or collectively, in whole or in part, all while acting under color of state law, destroyed the Property of Plaintiffs in violation of the Due Process rights afforded Plaintiffs under the United States and New York State Constitutions.

3. Plaintiffs allege that these Constitutional violations were committed as a result of the inadequate policies and customs of NYSDEC, and that NYSDEC is liable under the theory of respondeat superior for the torts committed by the Individual Defendants.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' causes of action arising under the Constitution of the United States and 42 U.S.C. §1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiffs' causes of action arising under New York State law pursuant to 28 U.S.C. § 1367(a).

5. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this judicial district, and Defendants are subject to personal jurisdiction within this judicial district.

## PARTIES

6. Plaintiff William Little is an adult citizen and resident of the State of New York and resides in this judicial district.

7. Plaintiff Michael A. Oropallo is an adult citizen and resident of the State of New York and resides in this judicial district.

8. Defendant ECO Scott Sincebaugh, is, upon information and belief, an adult citizen and resident of the State of New York, and was or is an officer or employee of the NYSDEC. He is sued in his individual and official capacities.

9. Defendant John Doe No. 1, an unknown officer or employee of NYSDEC, is, upon information and belief, an adult citizen and resident of the State of New York, and was an officer or employee of the State of New York and NYSDEC. He or she is sued in his or her individual and official capacities. Upon information and belief, John Doe No. 1 is the person who ordered the destruction of Plaintiffs' Property.

10. Defendant John Doe No. 2, an unknown officer or employee of SUNY, is, upon information and belief, an adult citizen and resident of the State of New York, and was an officer or employee of the State of New York and SUNY. He or she is sued in his or her individual and official capacities. Upon information and belief, John Doe No. 2 was the person who destroyed the Property after being ordered to do so by John Doe No. 1.

## BACKGROUND

11. In 2012, Plaintiffs traveled from New York to the State of Iowa on a bow hunting trip.

12. Plaintiffs, who are recognized conservationists, outdoorsmen, and bow hunters in the archery industry, had spent thousands of dollars on this trip to hunt trophy whitetail deer in the State of Iowa.

13. Plaintiffs, through their time, skill and effort, were able to successfully harvest trophy whitetail deer, to wit: Plaintiff Little harvested a mature buck that scored in excess of 140 inches, exceeding Pope & Young's trophy threshold of 125 inches, qualifying Plaintiff Little for recognition in the Pope & Young Club's Book of Records; and Plaintiff Oropallo harvested a buck that scored in excess of 160 inches, exceeding

Pope & Young's trophy threshold of 125 inches, qualifying Plaintiff Oropallo for recognition in the Pope & Young Club's Book of Records.

14. Thereafter, Plaintiffs returned to the State of New York with the Property, which was prepared for taxidermy services.

15. In addition to the thousands of dollars in expenses associated with the Property, the Property also acquired significant personal value to Plaintiffs, as it represented the culmination of years of effort and experience.

16. Upon Plaintiffs return to the State of New York, the Property was seized by ECO Sincebaugh so that it could be tested for CWD.

17. On or about December 14, 2012, after previously taking possession of Plaintiffs' Property (but without issuing Plaintiffs any notices or citations), and after telling Plaintiffs that if the Property tested negative for CWD, it would be returned to Plaintiffs, ECO Sincebaugh informed Plaintiffs that the Property would not be returned.

18. ECO Sincebaugh instead told Plaintiffs, "the good news" is the testing was negative for CWD, "the bad news" is Plaintiffs would not be getting their Property back. And ECO Sincebaugh informed Plaintiffs that they would be ticketed for a violation of the Vehicle and Traffic Law.

19. Plaintiffs immediately undertook efforts to obtain a return of their Property, that Plaintiffs had been previously told would not be destroyed, and despite never being given any prior notice or opportunity to be heard.

20. As a result of their diligent efforts, Plaintiffs later learned that *before* ECO Sincebaugh contacted Plaintiffs and issued them citations on December 14 and 17, 2012,

that ECO Sincebaugh, John Doe No. 1, John Doe No. 2 and/or NYSDEC *knew* the Property *had already been destroyed.*

21. Upon information and belief, Defendants were trying to cover up their knowing violation of Plaintiffs' civil and Constitutional rights.

22. Plaintiffs also learned that an Albany, New York employee of NYSDEC – John Doe No. 1 – had, under the color of state law and his position, given a direct order to John Doe No. 2 – an employee of SUNY – to destroy Plaintiffs' Property.

23. Upon information and belief, the destruction of the Property occurred as a result of Defendants' deliberate indifference to Plaintiffs' rights, and the inadequate training by NYSDEC of its employees.

24. In addition to being deprived of their Property, Plaintiffs have been deprived of this great honor, recognition, and the attendant enhancement to their reputations in the bow hunting and archery business and industry as a result of Defendants' actions.

## NOTICES OF CLAIM

25. Within ninety days after the claims arose, Plaintiffs filed Notices of Claims upon Defendants by delivering copies of the notices to the persons designated by law as the persons to whom such claims may be served.

26. The Notices of Claims were in writing, sworn to by Plaintiffs and contained the names and addresses of Plaintiffs.

27. The Notices of Claims set out the nature of the claims, the time when and place where and the manner by which the claims arose, and the damages and injuries claimed to have been sustained by Plaintiffs.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS AGAINST INDIVIDUAL DEFENDANTS

## 28 U.S.C. §§ 1983 and 1988

28. The allegations set forth above are adopted and incorporated by reference as if fully set forth herein.

29. By their conduct, as described herein, and acting under color of state law to deprive Plaintiffs of their rights to their property, to due process of law, and under the United States Constitution and its Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

30. Defendants have violated Plaintiffs' rights to property, due process of law, and a right to be heard before Plaintiffs' valuable property was taken and destroyed and Plaintiffs' reputation harmed, and by unlawfully destroying Plaintiffs' Property.

31. Defendants have further violated Plaintiffs' civil rights, by conspiring together and not informing Plaintiffs that their Property had already been destroyed.

32. Upon information and belief, John Doe No. 1 gave the order to destroy the Property despite knowing Plaintiffs had not been given an opportunity to obtain the

return of their Property, and knowing SUNY and John Doe No. 2 had the ability to store their Property until Plaintiffs could be heard on the return of their Property.

33.     John Doe No. 1 gave the order to destroy the Property after ECO Sincebaugh had *after-the-fact* informed and assured Plaintiffs that they could seek the return of their Property.

34.     Whether or not ECO Sincebaugh actually knew the Property had already been destroyed when he issued Plaintiffs citations, it is clear that John Doe No. 1 and NYSDEC knew that the Property was destroyed without Plaintiffs' first having received the citations and being given an opportunity to be heard, and that Plaintiffs were never given the opportunity to seek the return of their valuable and priceless Property.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS AGAINST DEFENDANT NYSDEC

## 28 U.S.C. §§ 1983 and 1988

35.     The allegations set forth above are adopted and incorporated by reference as if fully set forth herein.

36.     Prior to December 2012, NYSDEC had developed and maintained policies or customs associated with CWD in association with whitetail deer, and the confiscation of property.

37.     Prior to December 2012, NYSDEC had a practice of testing any deer it took possession of with respect to possible CWD, by testing those deer for CWD.

38.     Upon information and belief, prior to December 2012, as a result of NYSDEC's failure to train its employees regarding the procedure for seizing and/or

destroying confiscated property that tested negative for CWD, NYSDEC adopted a policy of denying property holders their constitutional rights by unlawfully destroying property without first providing notice and an opportunity to be heard.

39. Upon information and belief, Defendants deviated from the NYSDEC's prior practice and policy based on Defendants having been inadequately trained, all to the injury, damage and violation of Plaintiffs' civil and Constitutional rights, by unlawfully destroying, without advance notice or opportunity to be heard, Plaintiffs' valuable and priceless Property and associated rights.

## THIRD CLAIM FOR RELIEF

## CONVERSION

40. The allegations set forth above are adopted and incorporated by reference as if fully set forth herein.

41. Plaintiffs had a possessory right or interest in the Property.

42. Defendants interfered with this right by confiscating the Property and destroying it, in derogation of Plaintiffs' rights.

## FOURTH CLAIM FOR RELIEF

## NEGLIGENCE

43. The allegations set forth above are adopted and incorporated by reference as if fully set forth herein.

44. When Defendants seized the Property, they had a duty to protect the Property against destruction, and return the Property upon a negative result for CWD.

45. Defendants' breached this duty by destroying, or causing the destruction of, the Property.

46. As a direct result of Defendants' actions, the Property was destroyed, causing Plaintiffs to suffer the aforementioned damages.

**WHEREFORE**, Plaintiffs respectfully demand judgment against the Defendants as follows:

A. A declaration that Defendants' conduct violated Plaintiff's civil rights;

B. An award of compensatory damages for Plaintiffs against Defendants, including, but not limited to, any emotional distress, compensable costs, and any other compensatory damages as permitted by law;

C. An award of punitive damages;

D. An award of attorneys' fees pursuant to 42 U.S.C. §1988;

E. An award of costs pursuant to 42 USC §§ 1920 and 1988;

F. An award of prejudgment interest; and

G. Such other and further relief as to this Court may seem just, proper and equitable in the interests of justice.

Dated: December 14, 2015

MENTER, RUDIN & TRIVELPIECE, P.C.
*Attorneys for Plaintiffs*

By: _____
Julian B. Modesti, of Counsel
Bar Roll No.: 507674
Michael J. Balestra, of Counsel
Bar Roll No.: 515523
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
(315) 474-7541